UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARY CARTER                                                                                   PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:22-CV-712-KHJ-MTP

CITY OF JACKSON, MISSISSIPPI                                                        DEFENDANT

ORDER

Before the Court is Plaintiff Mary Carter's [64] Motion to Admit. The Court grants the motion.

I. Standard

"It is well-established that motions in limine may be used to secure a pretrial ruling that certain evidence is admissible." *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 3:11-CV-58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012). "An order granting a motion in limine does not preclude the losing party from revisiting the issue at trial, outside the jury's presence." *United States v. Bryan*, No. 3:21-CR-17, 2023 WL 8100552, at *1 (S.D. Miss. Nov. 21, 2023).

II. Analysis

Carter's motion seeks a ruling that Part 1 of the WLBT news story is admissible. *See* [64] at 1; Carter's Reply [67] at 1.[1] It is.

---

[1] *See* Anthony Warren & C.J. LeMaster, *EXCLUSIVE: Emails Reveal Staffing Shortage Threatened to Shut Down Water Treatment Plants*, WLBT (Aug. 18, 2022, 5:43 PM), www.wlbt.com/2022/08/18/exclusive-emails-reveal-staffing-shortage-threatened-shut-down-water-treatment-plants/ (cited at [64] at 1).

The parties (correctly) agree that Carter's statements in the video are admissible. *See* [65] at 2. The Court grants that aspect of the motion as unopposed.

The parties part ways from there. The City argues that the rest of the video is "inadmissible hearsay" and would "result in unfair prejudice." *See id.* at 1–7. But the Court disagrees on both counts.

The Court overrules the hearsay objection. To be sure, the video includes out-of-court statements from City employees and officials, WLBT reporters, and the U.S. Environmental Protection Agency. *See* Warren & LeMaster, *supra*, Part 1 at 0:00–5:50. But the City employees' and officials' statements are "not hearsay" under Rule 801(d)(2)(D). The other statements are admissible for a non-hearsay purpose: to show their effect on the listener and contextualize Carter's remarks. *See* [67] at 2.[2] The Court will issue an appropriate limiting instruction upon request. *See* Fed. R. Evid. 105. For those reasons, the Court overrules the City's hearsay objection.[3]

It also overrules the Rule 403 objection. "The exclusion of evidence under Rule 403 should occur only sparingly." *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993). "Rule 403's 'major function is limited to excluding matter of scant or

---

[2] *See also, e.g., Chevron Oronite Co. v. Jacobs Field Servs. N. Am., Inc.*, 951 F.3d 219, 228 (5th Cir. 2020) ("[A] statement is not hearsay if it is offered to prove the statement's effect on the listener.") (quotation omitted); *Caldarera v. Tenn. Log & Timber Homes, Inc.*, No. 5:12-CV-67, 2013 WL 5937396, at *3 (S.D. Miss. Nov. 4, 2013) ("Out of court statements offered for context or background purposes fall outside the scope of inadmissible hearsay."). The sole legal authority that the City cites—an unpublished case—noted the possibility of admitting a video "not for the truth of the matter asserted." *Painter v. Suire*, 650 F. App'x 219, 225 (5th Cir. 2016) (per curiam) (cited at [65] at 1).

[3] The Court notes that numerous statements, even if they were hearsay, would fall within Rule 803's exceptions. But the parties do not address those exceptions, so neither does the Court.

2

cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" *Baker v. Canadian Nat'l/Ill. Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008) (quotation omitted).

Under those standards, the video is admissible in its entirety. The interview is highly probative. In the City's words, "[i]t is this WLBT interview . . . which forms the basis of Plaintiff's First Amendment claim for retaliation." City's Mot. in Limine [49] at 2. And that probative value is not "*substantially* outweighed" by a danger of "*unfair* prejudice." Fed. R. Evid. 403 (emphases added); *see also Pace*, 10 F.3d at 1115–16 ("Relevant evidence is inherently prejudicial."). The City's only colorable "unfair prejudice" argument challenges an WLBT reporter's discussion of the City's "possible" or "apparent violation of federal law." *See* [65] at 2, 7;[4] *see also* Warren & LeMaster, *supra*, Part 1 at 0:32–0:50, 5:35–5:50; Order [42] at 1–2 (discussing requirement that a class A operator be onsite 24 hours a day, seven days a week). But there is no "*unfair* prejudice" to the City, which attempted to explain away the "gaps" by pointing to Carter, who in turn denied covering all of the gaps. *See* [42] at 5–6, 12–13 (citing Warren & LeMaster, *supra*, Part 2 at 3:10–4:05). What's more, any arguable "unfair prejudice" does not "*substantially* outweigh[]" the statements' probative value. Indeed, the statements contextualize Carter's (concededly admissible) remarks that King "didn't understand the plight" of the situation and

---

[4] The City raises a scattershot of other "unfair prejudice" arguments, challenging everything from a City Council member's "pauses for dramatic effect" to "emails being scrolled in a dramatic manner." *See* [65] at 2–7. Those arguments fall far short of warranting exclusion in a case where the "WLBT interview . . . forms the basis of Plaintiff's First Amendment claim." [49] at 2.

3

was not "concerned about trying to get [a class A operator]" to remedy that situation. *See* Warren & LeMaster, *supra*, Part 1 at 2:55–3:25. The statements also would allow a jury to "understand why Mayor Lumumba [may] have been upset enough to retaliate against [Carter]" based on her protected activity. [67] at 2. Upon request, the Court will issue an appropriate limiting instruction. *See* Fed. R. Evid. 105.[5] For those reasons, the Court overrules the City's Rule 403 objection, too.

III.  Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Plaintiff Mary Carter's [64] Motion to Admit.

SO ORDERED, this 17th day of June, 2024.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE

---

[5] *See* Fed. R. Evid. 403 advisory committee's note ("In reaching a decision whether to exclude on grounds of unfair prejudice, consideration should be given to the probable effectiveness or lack of effectiveness of a limiting instruction."). A limiting instruction would be effective here. For instance, if the City is concerned that a jury will think a "local news reporter" is "[i]nstructing the jury with regard to the law," a limiting instruction would clear up any confusion. [65] at 2.